Florida First Bon Capital Corporation, Appellant v. Zoning Hearing Board of The Borough of Lansdale, Appellee.

Florida First Bon Capital Corporation v. Zoning Hearing Board of The Borough of Lansdale. Dorothy M. Rigler, Appellant.

Argued September 29, 1978, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*William Litvin,* with him *Stephen J. Folkman,* for appellants.

*Richard W. Hollstein,* with him *Darryl C. Sheetz,* and *Clark, Ladner, Fortenbaugh & Young,* for appellees.

Opinion by Judge Mencer, February 9, 1979:

These are consolidated appeals by Florida First Bon Capital Corporation (Florida) and Dorothy M. Rigler from an order of the Court of Common Pleas of Montgomery County granting the petition of the Zoning Hearing Board of the Borough of Lansdale (Board) to strike Florida's zoning appeal and dismissing Rigler's petition to intervene in the appeal. We affirm.

Florida applied for a special exception to use a residential property for a nursing home. After a hearing before the Board on November 25, 1975, Florida's application was denied. Florida's appeal to the Court of Common Pleas of Montgomery County was quashed on the ground that Florida lacked standing to bring an appeal under Sections 1006 and 1007 of the Pennsylvania Municipalities Planning Code (MPC), Act of

July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§11006, 11007. Rigler's petition to intervene in Florida's appeal from the Board's decision was dismissed because she lacked standing to intervene under Pa. R.C.P. No. 2327.

The first issue on appeal is whether the lower court erred in concluding that Florida had no standing to appeal under Section 1006 of the MPC which provides that a "landowner" may appeal the Board's decision with regard to the use of land in which he has an interest. Section 107(12) of the MPC, 53 P.S. §10107(12), defines "landowner" as

the legal or beneficial owner or owners of land including the holder of an option or contract to purchase (whether or not such option or contract is subject to any condition), a lessee if he is authorized under the lease to exercise the rights of the landowner, or other person having a proprietary interest in land, shall be deemed to be a landowner for the purposes of this act.

The lower court concluded that Florida was not a landowner because it had been divested of its title and interest in the subject property.

The facts underlying this divestiture, while procedurally complex, are undisputed. The subject property was originally purchased by the Bonaventures, husband and wife, who obtained a mortgage from First Pennsylvania Banking and Trust Co. (First Pennsylvania). The mortgage was recorded on March 10, 1972. On March 17, 1972, Florida[1] took title to the property

---

[1] Testimony before the Board indicated that Bonaventure is a 100-percent shareholder and president of Florida. Also, Florida was incorporated in Florida, is not registered to do business in Pennsylvania, owns no property in Pennsylvania, and formerly used as its address the address of the property which is the subject of the appeal.

as trustee under a declaration of trust from the Bonaventures. After a default in mortgage payments in 1973, First Pennsylvania instituted an action against the Bonaventures to foreclose the mortgage, releasing Florida from all liability on the mortgage. Judgment was entered in favor of First Pennsylvania on June 6, 1975, and no appeal was taken. On November 26, 1975, the day after the Board's hearing on Florida's application for a special exception, the property was sold at sheriff's sale to First Pennsylvania. The Bonaventures' exceptions to the sale and petition to set the sale aside were denied and the denial was affirmed on appeal.[2] Thereafter, First Pennsylvania sought possession by an action to quiet title. Judgment was entered against the Bonaventures and was affirmed on appeal.[3] The writ of possession issued.

Florida argues that it qualifies as a landowner under Section 1006 of the MPC because it was not a named defendant in the above proceedings and therefore retained its interest in the property.[4] We do not agree. The effect of a mortgage foreclosure and sale thereunder is to extinguish the mortgagor's interest in the property and to transfer the estate to the purchaser as fully as it existed in the mortgagor at the date of the mortgage. *Hartman v. Ogborn,* 54 Pa. 120 (1867); *Metropolitan Bond Co. v. Atlas Paste Co.,* 31 Pa. D. & C. 2d 656, 111 Pitts. L.J. 421 (1963). All intervening estates and interests acquired subsequent to

---

[2] *First Pa. Banking & Trust Co. v. Bonaventure,* 243 Pa. Superior Ct. 612, 371 A.2d 247 (1976).

[3] *First Pa. Bank v. Bonaventure,* 250 Pa. Superior Ct. 655, 379 A.2d 621 (1977).

[4] Whether or not Florida should have been a party was an issue raised and decided in the negative on preliminary objections in the mortgage foreclosure action and again as an exception to the sheriff's sale.

the mortgage are also defeated. *Reisinger v. Garrett Smokeless Coal Co.*, 262 Pa. 530, 106 A. 78 (1919); *Metropolitan Bond Co. v. Atlas Paste Co., supra.* Florida's title and interest were acquired subsequent to the mortgage of First Pennsylvania and were therefore extinguished as a result of the mortgage foreclosure and sale thereunder. Florida has alleged no other proprietary interest in the property by which it would qualify as a landowner under Section 1006.

In the alternative, Florida argues that it has standing to appeal as a "party aggrieved" under Section, 1007 of the MPC. We disagree. Section 1007 provides, in pertinent part: "Appeals to court from the decision of the zoning hearing board may be taken by any aggrieved party by appeal filed not later than thirty days after notice of the decision is issued."

To be considered an "aggrieved party" with standing to appeal, it is established that the party must have a direct interest in the subject matter of the particular litigation. His interest must be immediate and not a remote consequence of the judgment. His interest must also be substantial. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 191, 346 A.2d 269, 280 (1975); *Cablevision v. Zoning Hearing Board*, 13 Pa. Commonwealth Ct. 232, 235, 320 A.2d 388, 390 (1974).

Absent its former interest in the property which is the subject of this zoning appeal, Florida has demonstrated no direct interest in the matter being appealed. There is no evidence of any current association or connection with the subject property or with the borough in which it is located. Therefore, Florida would appear to have no interest different from an interest common to all citizens.

Florida argues that if its application for a special exception were granted, it would have a marketable

right to develop the property. It also argues that it may eventually buy the subject property. Both potential uses are speculative at best and can hardly be characterized as the direct and immediate interests needed to maintain an appeal.[5]

Florida also argues that, since it was a party before the Board, the adverse decision is sufficient to make it an aggrieved party. Florida's reliance upon language in *Baker v. Zoning Hearing Board,* 27 Pa. Commonwealth Ct. 602, 367 A.2d 819 (1976), to support this argument is misplaced. In *Baker,* the resident who appealed retained the same interest on appeal as she had as a party before the Board. One who is a party before the Board is not necessarily "aggrieved" by the adverse decision of the Board. *Cablevision v. Zoning Hearing Board, supra.*

There is simply no basis for a conclusion that Florida would be adversely affected in any way by the matter it seeks to challenge and that Florida is thereby aggrieved. Therefore, Florida has no standing to appeal under Section 1007.

---

[5] *Compare Nat'l Land & Inv. Co. v. Easttown Twp. Bd. of Adj.,* 419 Pa. 504, 513-14, 215 A.2d 597, 603 (1965) (the Court held that National Land, which had equitable title to the subject property and which had expended $6,000 in seeking to develop the property, was aggrieved by the zoning official's denial of a building permit and thus had standing to appeal the denial under Section 2007 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* added by the Act of July 10, 1947, P.L. 1481, *formerly* 53 P.S. §67007, repealed by Section 1201(5) of the MPC, 53 P.S. §11201 (5)), *and Graack v. Bd. of Suprrs.,* 17 Pa. Commonwealth Ct. 112, 115-16, 330 A.2d 578, 580 (1975) (this Court held that appellant was an aggrieved party with standing to appeal the Board of Supervisors' allegedly invalid adoption of certain zoning ordinances pursuant to Section 1003 of the MPC, 53 P.S. §11003, even though appellant sold the property directly involved during the pendency of the appeal, because appellant retained a purchase money mortgage on the property and held other property in the municipality).

Since Florida's appeal was properly quashed for lack of standing, Rigler's petition to intervene must also be denied because there exists no appeal in which to intervene. *Appeal of Foltz,* 22 Pa. Commonwealth Ct. 562, 349 A.2d 918 (1976). Further, Rigler may not maintain an appeal on her own behalf since she was not a party to the proceedings before the Board. *See* Sections 1006 and 1007 of the MPC; *Baker v. Zoning Hearing Board, supra* at 606, 367 A.2d at 821.

Order affirmed.

### ORDER

AND Now, this 9th day of February, 1979, the order of the Court of Common Pleas of Montgomery County, dated November 21, 1977, denying Dorothy M. Rigler's petition to intervene and granting the petition of the Zoning Hearing Board of the Borough of Lansdale to strike the appeal of Florida First Bon Capital Corporation and quashing said appeal, is affirmed.