UNITED STATES STEEL CORPORA-
TION, Petitioner,

v.

ENVIRONMENTAL PROTECTION
AGENCY, Respondent,

Scott Paper Company, Intervenor.

No. 79–1988.

United States Court of Appeals,
Third Circuit.

Argued Dec. 11, 1979.

Decided Dec. 31, 1979.

Harley N. Trice II, Reed, Smith, Shaw &
McClay, Pittsburgh, Pa., for petitioner.

Allan J. Topol (argued), Steven S. Rosen-
thal, Covington & Burling, Washington, D.
C., for intervenor; Norman M. Heisman,
Sherwood S. Willard, Scott Paper Company,
Philadelphia, Pa., of counsel.

Bruce M. Diamond (argued), Atty., U. S.
Environmental Protection Agency, Wash-
ington, D. C., Renee Sarajian, Philadelphia,
Pa., and Lydia N. Wegman, Washington, D.
C., Attys., U. S. Environmental Protection
Agency, Nancy E. Long, Atty., U. S. Dept.
of Justice, Washington, D. C., for respon-
dent.

Before ROSENN, VAN DUSEN and
SLOVITER, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

In this proceeding, Scott Paper Company
(Scott), the intervenor, opposes the motion
filed by the United States Steel Corporation
(U. S. Steel), the petitioner, seeking to dis-
miss its petition for review of the action of
the Administrator of the Environmental
Protection Agency (EPA). We grant (a)
Scott's motion for permission to proceed
with judicial review of the challenged EPA
action, and (b) U. S. Steel's motion for
dismissal, without prejudice to the right of
Scott to continue to prosecute the petition
for review filed by U. S. Steel.

On June 4, 1979, the Administrator of
EPA approved and promulgated revisions

to the Pennsylvania State Implementation Plan pertaining to limitations on the sulfur content of fuels in southeastern Pennsylvania. 44 Fed.Reg. 31980–81 (June 4, 1979).[1] On August 2, 1979, U. S. Steel filed a petition for review of this action. On August 29, 1979, Scott filed a motion seeking leave to intervene, in which Scott explained its basis for intervention as follows:

"Scott Paper Company operates a large paper mill in Chester, Pennsylvania, and will be directly and substantially affected by the revision in Pennsylvania's State Implementation Plan under review in this proceeding. Because petitioner is in a different industry from movant and because the revisions will therefore likely impact differently upon petitioner and movant, Scott Paper Company's interests can only be adequately represented through intervention.

"Scott Paper Company submitted comments to the Administrator during EPA's consideration of the proposed revisions.

"Because Scott Paper Company is substantially affected by the revisions under review and because its interests are not otherwise adequately represented by the parties to these proceedings, it respectfully requests that the motion for leave to intervene be granted."

On September 14, 1979, U. S. Steel consented to Scott's intervention. The EPA filed no response to the proposed intervention. On October 12, 1979, a panel of this court granted Scott's motion to intervene. A month later, on November 19, 1979, U. S. Steel filed the instant motion to dismiss its petition for review. Subsequently, with the approval of the court, Scott filed a motion for permission to continue to proceed with judicial review of EPA's action in the absence of U. S. Steel.

1. These revisions amended 40 C.F.R. (Part 52) by adding a new subsection 52.2020(c)(18).

2. 42 U.S.C. § 7607(b)(1) provides in pertinent part:

"A petition for review of the Administrator's action in approving or promulgating any implementation plan under section 7410 of this title or section 7411(d) of this title, any order

Scott opposes U. S. Steel's motion seeking dismissal only insofar as U. S. Steel's presence is necessary to preserve the opportunity for judicial review of the EPA limitations on the sulfur content of fuels in southeastern Pennsylvania. Scott asserts that the regulations in dispute will subject it to $1,000,000. of added fuel costs annually. Scott emphasizes that its motion for leave to intervene was filed in a timely fashion, that U. S. Steel explicitly consented to the intervention, and that the EPA posed no objection to the intervention. Finally, Scott notes that it relied on the court order granting leave to intervene.

The issue before this court is whether, on this record, an intervenor can continue to press its claims before this court after the original petitioner is dismissed from the case. Rule 15(d) of the Federal Rules of Appellate Procedure provides:

"Unless an applicable statute provides a different method of intervention, a person who desires to intervene in a proceeding under this rule shall serve upon all parties to the proceeding and file with the clerk of the court of appeals a motion for leave to intervene. The motion shall contain a concise statement of the interest of the moving party and the grounds upon which intervention is sought. A motion for leave to intervene or other notice of intervention authorized by an applicable statute shall be filed within 30 days of the date on which the petition for review is filed."

Scott filed its motion for leave to intervene 27 days after the petition for review had been filed. There is no statutory provision prescribing a different method of intervention. In fact, the statute involved, § 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1),[2] is silent with regard to inter-

under section 7411(j) of this title, under section 7412(c) of this title, under section 7413(d) of this title, under section 7419 of this title, or under section 7420 of this title, or his action under section 119(c)(2)(A), (B), or (C) (as in effect before August 7, 1977) or under regulations thereunder, or any other final action of the Administrator under this chapter (including any denial or disapproval

vention. It only addresses the time and place of filing petitions for review of certain actions taken by the Administrator of the EPA, requiring that they be filed in the United States Court of Appeals for the appropriate circuit within 60 days from the date notice of the action appears in the Federal Register.

There is no doubt that the time limit in § 307(b)(1) is mandatory, and petitions filed after the 60-day period has expired are denied judicial review. Here U. S. Steel filed its petition 59 days after the pertinent notice. Thus it acted within the time limit and properly invoked the jurisdiction of this court. Scott did not file a petition within the 60-day period. When Scott moved to intervene, it was 86 days after the notice in the Federal Register but only 27 days after U. S. Steel filed its petition for review. EPA argues that, although Scott's motion to intervene was timely, Scott's failure to file its own timely petition for review necessitates the dismissal of Scott, as well as U. S. Steel, from this proceeding.

■ Such a result is unwarranted in these circumstances. In *Fuller v. Volk*, 351 F.2d 323 (3d Cir. 1965), the court stated that intervention cannot cure a jurisdictional defect, but that a court "has discretion to treat the pleading of an intervenor as a separate action in order that it might adjudicate the claims raised by the intervenor." *Id.* at 328. Accordingly, there are instances when an intervenor's claim does not rise and fall with the claim of the original party. For example, the Supreme Court of the United States has pointed out that even though a controversy may be "no longer alive as to appellant . . ., it remains very much alive for the class of persons she has been certified to represent" in a class action situation. See *Sosna v. Iowa*, 419 U.S. 393, 401, 95 S.Ct. 553, 558, 42 L.Ed.2d 532 (1975), where the Court also said:

"We believe that a case such as this, in which, as in *Dunn*, [*v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274], the issue sought to be litigated escapes full appellate review at the behest of any single challenger, does not inexorably become moot by the intervening resolution of the controversy as to the named plaintiffs. . . .

"Our conclusion that this case is not moot in no way detracts from the firmly established requirement that the judicial power of Art. III courts extends only to 'cases and controversies' specified in that Article. There must not only be a named plaintiff who has such a case or controversy at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23, but there must be a live controversy at the time this Court reviews the case. *SEC v. Medical Committee for Human Rights*, [404 U.S. 403, 92 S.Ct. 577, 30 L.Ed.2d 560], *supra*. The controversy may exist, however, between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot."

*Id.* at 401–02, 95 S.Ct. at 558–559 (footnotes omitted).

The weight of authority in the United States Courts of Appeals supports the principle that an intervenor can continue to litigate after dismissal of the party who originated the action. See *Magdoff v. Saphin Television & Appliance, Inc.*, 228 F.2d 214 (5th Cir. 1955); *Hunt Tool Company v. Moore, Inc.*, 212 F.2d 685 (5th Cir. 1955). Cf. *Fuller v. Volk, supra* at 328–29.[3]

by the Administrator under subchapter I of this chapter) which is locally or regionally applicable may be filed only in the United States Court of Appeals for the appropriate circuit. . . . Any petition for review under this subsection shall be filed within sixty days from the date notice of such promulgation, approval, or action appears in the Federal Register, except that if such petition is based solely on grounds arising after such

sixtieth day, then any petition for review under this subsection shall be filed within sixty days after such grounds arise."

**3.** We note that there are certain instances in which intervention is permitted even though the intervenor himself could not have petitioned for review. See *North American Pharmacal, Inc. v. Department of Health, Education and Welfare*, 491 F.2d 546, 550 (8th Cir. 1973)

Here jurisdiction properly attached when U. S. Steel filed its petition for review. Scott's intervention was not an attempt to cure a jurisdictional defect. Rather, it was an explicit attempt to ensure that Scott's interests, which were related but not identical to those of U. S. Steel, were adequately represented in the ongoing proceeding. Furthermore, EPA was on notice as of August 2, 1979, that a major industry was challenging its regulations regarding limitations on the sulfur content of fuels in southeastern Pennsylvania. EPA was also on notice as of August 29, 1979, the date of the motion for leave to intervene, that a representative of another industry, which had submitted comments to it during consideration of the proposed revisions of the regulations, was challenging the same regulations. As noted above, EPA did not register any objection to such motion to intervene.

Both judicial economy and prompt disposition of litigation are favored by not requiring the multiple petitions for review which would result from a holding that an intervenor could not continue the challenge to an administrative order in the situation presented by this record.

In light of this record[4] and the factors discussed above, we believe that the proper course here is to allow U. S. Steel to dismiss its petition for review and to allow Scott to proceed with the challenge to the regulations at issue. We will issue an order accordingly.

---

(when issues were identical, intervention was allowed in the pending proceeding in the Eighth Circuit despite the fact that intervenor's principal place of business was not located within that Circuit).

4. We note particularly that intervenor filed with the administrative agency objections to the proposed change in regulations and that the motion to intervene again clearly set forth Scott's position.