Active Amusement Company, Appellant *v.* Zoning Board of Adjustment et al., Appellees.

Argued June 7, 1984, before Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

*Lenard L. Wolffe, Pechner, Dorfman, Wolffe, Rounick & Cabot,* for appellant.

*Barbara W. Mather,* City Solicitor, with her, *Mary Rose Cunningham,* Chief Assistant City Solicitor, for appellee, Zoning Board of Adjustment of Philadelphia.

*Horace D. Nalle, Jr.,* with him, *Kathleen M. Lynch, Drinker, Biddle & Reath,* for appellees, University City Associates, Inc.

OPINION BY JUDGE CRAIG, August 16, 1984:

Active Amusement Company (Active) appeals an order of the Philadelphia County Court of Common Pleas which affirmed the Philadelphia Zoning Board of Adjustment's grant of a proximity variance and certificate of use to Bally's Aladdin's Castle, Inc. for operation of an amusement arcade in a shopping plaza owned by University City Associates, Inc.

We must determine[1] whether the common pleas court correctly dismissed the appeal on the basis of a conclusion that Active, a business competitor, did not have standing to appeal the zoning board action.

---

[1] In a zoning case, the Commonwealth Court's scope of review of a common pleas court order affirming a zoning board of adjustment decision without taking additional evidence is limited to a determination of whether the board committed an abuse of discretion or an error of law. *Solow v. Zoning Hearing Board of Borough of Whitehall,* 64 Pa. Commonwealth Ct. 414, 440 A.2d 683 (1982).

The property here involved is a store located at 3921 Walnut Street, Philadelphia, in a small shopping center near the University of Pennsylvania in an area zoned C-4 Commercial. The proposed amusement arcade is a "regulated use" under section 14-1605(3)(g) of the Philadelphia Code, and therefore Bally's and University City Associates were required to apply to the Department of Licenses and Inspections for a use certificate.[2]  Code §14-1605(4)(d). The department refused the application because the arcade would have been located within 1000 feet of another regulated use and within 500 feet of residentially zoned property, churches and a library, in violation of Philadelphia Code §§14-1605(4)(a) and (b). The appellant, Active Amusement Company, owns and operates the other regulated use, the Galaxy Amusement Arcade, which is located at 3929 Walnut Street, four doors west of the proposed arcade.

Bally's appealed to the Philadelphia Zoning Board of Adjustment which held an evidentiary hearing at which Active entered an appearance through its counsel. The board permitted Active to place on the record its opposition to the grant of the certificate and to argue that the applicants had presented no evidence of unnecessary hardship to warrant the grant of a variance. The applicants voiced no objection to Active's appearance before the board. The board reversed the department's refusal and ordered the issuance of the use certificate and the variance.

Upon appeal, the common pleas court agreed with the contention which Bally's then raised, that Active did not have standing as an aggrieved party because its interest in the subject matter of the litigation was

---

[2] A use certificate is similar to a special exception under other zoning laws.

not sufficiently direct as required under *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). The court found, rather, that Active's principal interest was that of a "competitor seeking to nullify the competition it would receive if Bally's were permitted to operate its proposed arcade," and therefore, under *Pennsylvania Petroleum Association v. Pennsylvania Power and Light Co.,* 32 Pa. Commonwealth Ct. 19, 377 A.2d 1270 (1977), *aff'd,* 488 Pa. 308, 412 A.2d 522 (1980), in the absence of a regulatory scheme prohibiting competition between the parties, the trial court concluded that Active lacked standing.

However, as to this case, *Pennsylvania Petroleum* (a public utility's appeal of a PUC order approving a rate increase for a competing utility) is not controlling. The determination of who is aggrieved can vary with the particular type of action involved, and according to its statutory basis; the criteria for being aggrieved in a zoning case has evolved uniquely as to that type of proceeding.

Section 14-1806(1) of the Philadelphia Code provides in part:

Any person or persons jointly or severally aggrieved by any decision of the Board, or any taxpayer, . . . may present to a Court of record a Petition, duly verified, setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality.

Under *Bartle v. Zoning Board of Adjustment of Philadelphia,* 391 Pa. 207, 137 A.2d 239 (1958), zoning ordinances enacted by City Council under the Philadelphia Home Rule Charter prevail over zoning enabling acts of the General Assembly because zoning is strictly local in scope and not of statewide concern. However, the zoning enabling act for cities of the first class

contains an identical provision for appeals of board decisions to common pleas court.[3]

Similarly, the Pennsylvania Municipalities Planning Code (MPC),[4] not applicable to Philadelphia, provides that "any party aggrieved" has standing to appeal to the courts. Although that standard differs from Philadelphia's "any person aggrieved" provision, the procedural stance in appealing a board decision to the common pleas court is conceptually the same, whether those appealing are called "persons" or "parties" aggrieved.[5] Therefore, lacking any authority cited by counsel or disclosed by our research to provide guidance in interpreting "any person aggrieved" under the Philadelphia Code with respect to an *objector,* we turn to judicial construction of "any party aggrieved" under the MPC.

Section 908(3) of the MPC, 53 P.S. §10908(3) sets forth who qualifies as a "party" before the board:

> The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board.

------

[3] The Act of May 6, 1929, P.L. 1551, §8, 53 P.S. 14759(3).

[4] Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101 to 11108-A.

[5] Interestingly, there is a distinction between a "person" and a "party" aggrieved under the MPC, as we pointed out in *Baker v. Zoning Hearing Board of West Goshen Township,* 27 Pa. Commonwealth Ct. 602, 367 A.2d 819 (1976):

> While any *person* aggrieved by a decision regarding a use of another's land may appeal to a zoning hearing board, it is necessary, for an appeal to be brought in our courts, that the appellant had been a party before the zoning hearing board. (Emphasis in original.)

*Id.* at 606, 367 A.2d at 821.

The board's permitting Active to appear before it through its counsel[6] therefore would qualify Active under the MPC as a "party" and the adverse decision of the board would render Active a party "aggrieved," under *Baker v. Zoning Hearing Board of West Goshen Township*, 27 Pa. Commonwealth Ct. 602, 367 A.2d 819 (1976), where we held:

Having appeared and participated as a party before the Board, Mrs. Baker was necessarily aggrieved by the adverse decision of the Board. To hold otherwise would reduce to a nullity for purposes of the appeal of obtaining of the status of a party before zoning hearing boards.

*Id.* at 608, 367 A.2d at 823.

As a "party aggrieved," Active thus clearly had standing to appeal the board decision to the common pleas court.[7]

Moreover, the Pennsylvania decisions, including those antedating the MPC and hence based on zoning enabling acts more like the Philadelphia Code, have consistently approved the concept that an objector, if not located outside of the municipality involved, *Cablevision-Division of Sammons Communications, Inc. v. Zoning Hearing Board of Easton*, 13 Pa. Commonwealth Ct. 232, 320 A.2d 388 (1974), could have, by

---

[6] An objector who appears through counsel is a "party permitted to appear before the board" as contemplated under section 908(3) of the MPC, 53 P.S. §10908(3). *Naimoli v. Zoning Hearing Board of the Township of Chester*, 56 Pa. Commonwealth Ct. 337, 425 A.2d 36 (1981).

[7] This case is distinguishable from *Florida First Bon Capital Corporation v. Zoning Hearing Board of Lansdale*, 40 Pa. Commonwealth Ct. 448, 397 A.2d 838 (1979), where we held that an objector's participation in proceedings before the board did not render him a party aggrieved because on appeal he did not retain the same interest in the subject property which had since been sold in a mortgage foreclosure.

reason of proximity in location, sufficient interest even to intervene at later stages of zoning litigation. *Esso Standard Oil Co. v. Taylor,* 399 Pa. 324, 330, 159 A.2d 692, 696 (1960), allowed such an intervention, stating:

> The present appellants, as owners of property in the immediate vicinity of the property involved in the present litigation, have the requisite interest and status to become intervenors within Pa. R.C.P. 2327(4).

For *Esso,* which arose under township law, the zoning enabling acts before the MPC provided the statutory background, with both the First Class Township Code[8] and the Second Class Township Code,[9] in like terms, providing that

> [a]ny person aggrieved by any decision of the board of adjustment . . . or any taxpayer . . . may, within thirty days after such decision of the board, appeal to the court of common pleas
> . . . .

Significantly, those statutory provisions are virtually identical to those we find in the Philadelphia Code controlling here.

Active here admittedly is the owner of a business located nearby and is at least an occupant or lessee of that property. Its relationship to the land's legal title has not been established on this record. Counsel for University City Associates, without denying Active's status as business owner, asks that this court, at the appellate level, take judicial notice of "city

---

[8] Act of June 24, 1931, P.L. 1206, §3107, *as amended, formerly* 53 P.S. §58107, repealed by the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, §1201, 53 P.S. §11201(3).

[9] Act of May 1, 1933, P.L. 103, §2007, *as amended, formerly* 53 P.S. §67007, repealed by the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, §1201, 53 P.S. §11201(5).

records" allegedly indicating that Active is not the titleholder of the property it occupies; of course, an appellate court cannot enlarge upon the actual record by conducting a title search through any such extended concept of judicial notice. Just as the interest of a zoning applicant need not be founded upon a fee simple title, but can arise from equitable ownership or from a lease, *Richman v. Philadelphia Zoning Board of Adjustment*, 391 Pa. 254, 137 A.2d 280 (1958), the interest of an objector is not dependent upon land ownership (as distinguished from possessory interest) in zoning, which is concerned with land use rather than land titles.

The law, as in *Esso*, has recognized that users of nearby land understandably have an interest in the proper implementation of land planning policies through zoning, in relation to the benefits to be gained, not only with respect to the land value of a titleholder, but also with respect to the enjoyment of the land by a user of it, whether in connection with residential occupancy or business operation.

In addition, the applicants waive any objection to Active's standing by failing to raise the issue during the proceedings before the board. *Cohen v. Zoning Board of Adjustment*, 53 Pa. Commonwealth Ct. 311, 417 A.2d 852 (1980).

We conclude that the common pleas court should not have dismissed Active's appeal for lack of standing and accordingly remand for further consideration of the merits in this case.[10]

---

[10] The briefs here have pressed, in addition to the question of whether there is a sufficient basis for granting a variance, additional issues, including an attack upon the validity of the regulations by Bally's and an unusual request on behalf of the Philadelphia Zoning Board of Adjustment itself, that the case be remanded to it to consider the suitability of the particular entities or persons who have

546

### Order

Now, August 16, 1984, the order of the Common Pleas Court of Philadelphia County, entered at No. 4793 October Term, 1982, on September 19, 1983, is reversed, and the case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

now apparently succeeded to Bally's applicant interest. We do not reach these questions because the last of them was not raised below, and the trial court has not had an opportunity to consider the others.