# In Re: Appeal of Farmland Industries, Inc.

C.P. of Luzerne County, no. 543-C of 1985.

*Mark A. Ciavarella, John H. Doran,* for intervenors.
*David L. Williams,* for appellant.

BROMINSKI, *J.,* September 19, 1985—This matter comes before the court upon the petition and rule of intervenors, Dale Harris and BEM, Inc., to show cause why the appeal of Farmland Industries, Inc., from the decision of the Zoning Hearing Board of the City of Wilkes-Barre should not be stricken.

In their petition, the intervenors allege, inter alia, that the board, on January 16, 1985, granted to them several variances in connection with the use of premises located at 295 East Northampton Street in the City of Wilkes-Barre; that on February 14, 1985, appellant filed an appeal from the board's action; and that said appeal should be dismissed, because appellant lacks standing to appeal in that it is neither a party nor a person aggrieved, because it does not have an immediate and pecuniary interest in the matter and because its property is not located in the immediate area of 295 East Northampton Street. Appellant has filed an answer to intervenors' petition.

The general issue before us is whether appellant has standing to appeal the board's decision.

The transcript of testimony taken at the proceedings before the board indicates that one Ronald Reger was present on behalf of appellant; that Mr. Reger requested that his appearance on behalf of appellant be entered; and that the board's counsel questioned his standing to appear.

Mr. Reger stated that he would be aggrieved by a decision favorable to intervenors because their "presence in Wilkes-Barre threatens (his) business."

Mr. Reger was allowed to cross-examine witnesses, and to make a closing statement. In addition, he signed and presented to the board an "Entry of Appearance" and requested and received a copy of the final decision in the matter.

The intervenors (applicants before the board), raised no objections to Mr. Reger's standing in the board's proceedings. However, in its written decision, dated February 27, 1985, a copy of which is attached to appellant's supplemental zoning appeal notice, the board found as follows:

"Farmland Industries, Inc., owners and operators of several convenience stores within the City of Wilkes-Barre appeared at this hearing to enter their appearance, however, at the onset of the hearing it was determined that their closest store or property was located 'a half mile at most' (hearing transcript p. 21), from the subject property in this appeal, wherefore, the Zoning Hearing Board denied Farmland Industries, Inc. standing to appear as a party in this appeal, however, the Board allowed them to participate in the proceedings before the Board."

Further, the board concluded, as a matter of law, as follows:

"The Board finds and so concludes that Farmland Industries, Inc. is not an aggrieved party in this case and does not have a direct, immediate, pecuniary, or substantial interest in the subject matter before the

Board other than financial implications which naturally exist between any type of similar competitive businesses in any community, furthermore, Farmland Industries, Inc. has not shown how they are or would be affected more than the community in general by the grant of the requests contained in this appeal, therefore, Farmland Industries, Inc. unquestionably lacks standing to be a party to this appeal."

The board relies upon Cablevision v. Zoning Hearing Board of Easton, 13 Pa. Commw. 232, and Lantz v. Zoning Hearing Board of South Middleton Twp., 76 Pa. Commw. 563, in support of its conclusion.

It asserts that in the Cablevision case, the court defined a "person aggrieved" as one who has a direct, immediate, pecuniary and substantial interest in the board's decision, which interest will be adversely affected thereby. However, a subsequent case provided as follows:

"Our definition of a 'person aggrieved' in Cablevision v. Zoning Hearing Board of Easton . . . to require a showing of a direct pecuniary interest in the litigation, must be interpreted in the context of the fact that the party there involved was not a resident of the municipality in which the zoning permit was issued." Raum v. Board of Supervisors of Tredyffrin Township, 20 Pa. Commw. 426, footnote 13. The appellant here apparently does own real estate within the Wilkes-Barre City Limits, albeit a distance of one-half mile away from the subject property, thereby rendering the Cablevision case at least somewhat inapposite to the matter before us.

Further, Lantz v. Zoning Hearing Board of South Middleton Twp., supra, provides little, if any, controlling principles of law to guide us.

However, we are controlled by section 908(3) of the Pennsylvania Municipalities Planning Code, 53 P.S. §10908(c), which reads as follows:

"The parties to the hearing shall be the municipality, *any person affected by the application who has made timely appearance of record before the Board, and any other person* including civic or community organizations *permitted to appear by the board.* The board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose." (Emphasis added.)

The code further provides that appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved. 53 P.S. §11007.

Section 908(3) quoted above, clearly specifies that a "party" is any person affected by the application who has made a timely appearance of record before the board, or who is otherwise permitted to appear by the board.

The specific key issue then before us is whether appellant was a "party" before the board. If it was, then surely it is an "aggrieved party" entitled to take an appeal due to the adverse decision of the board. To hold otherwise would reduce to a nullity for purposes of the appeal the obtaining of the status of a party before a zoning hearing board. Baker v. Zoning Hearing Board of West Goshen Township, 27 Pa. Commw. 602, 367 A.2d 819 (1976).

The record makes clear that indeed appellant achieved "party" status before the board. It was permitted, through its agent, to cross-examine witnesses, and make a closing statement. Moreover, it was permitted to make an oral and written entry of appearance, and request a copy of the board's decision, with no objection being raised by the intervenors. No explanation is offered in support of

the board's contradictory action in concluding that appellant lacked "standing" before it, while permitting it to enter a written appearance and otherwise conduct itself as a "party" in the proceeding. Under such circumstances, we have no alternative but to conclude that appellant was, in fact, a "party" before the board, and is presently an "aggrieved party," in view of the board's decision, with standing to take an appeal therefrom. See Active Amusement Company v. Zoning Board of Adjustment, 84 Pa. Commw. 538, 479 A.2d 697, a case in which a business competitor was deemed a party.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that intervenors' petition and rule to show cause why appellant's appeal should not be stricken are denied and dismissed.