# The Reliance Corporation v. Rapp's Dam Bridge Inc.

*Anthony Shore,* for plaintiff.
*William J. Maffucci,* for defendant.

SMITH, *J.,* March 4, 1987—Before this court is plaintiff Reliance Corporation's motion for summary judgment and the cross-motion for summary judgment filed on behalf of defendant, Rapp's Dam Bridge Homeowners' Association.

Defendant, Rapp's Dam Bridge Inc., was the owner and developer of a residential subdivision in East Pikeland Township in Chester County, Pa. The

subdivision was approved by the township board of supervisors, conditioned upon the owner's agreement that a stated percentage of the land within the development would be designated as common areas and that ownership of the common area would be vested in an association of lot owners (defendant Homeowners' Association).

To finance construction, Rapp's Dam Bridge Inc. (developer) obtained a loan secured by a first mortgage from Central Mortgage Co. This mortgage was subsequently assigned to Industrial Valley Bank (IVB), Defendant also obtained a second mortgage for $300,000 from defendant Reliance Corporation.

On December 5, 1980, the developer filed a "declaration of covenants of easements" and simultaneously therewith filed a deed conveying the common areas to the Rapp's Dam Homeowners' Association Inc. The developer eventually defaulted on its mortgage obligations and IVB obtained a judgment in mortgage foreclosure by confession against the developer.* The sale of the property pursuant to IVB's judgment in mortgage foreclosure was conducted by the Chester County Sheriff on January 20, 1984. IVB was the successful bidder at the execution sale.

A legal description of the property subject to the foreclosure sale was included in the execution papers IVB filed to arrange for the sale. That description included the common areas. However, the common areas were excluded from the description in the deed by which the sheriff conveyed the property to IVB in April 1984.

---

*See Industrial Valley Bank and Trust Co. v. Rapp's Dam Bridge Inc., No. B. S. 1673 (C. P. Chester Co. November 3, 1982).

In April 1986, plaintiff instituted this foreclosure action against the developer and Rapp's Dam Bridge Homeowners' Association, claiming that its mortgage interest survived the sheriff's sale since the sheriff's deed to IVB did not include the common areas. Defendant Homeowner's Association, on the other hand, maintains that the foreclosure of IVB's mortgage extinguished plaintiff's junior lien. Defendant also maintains that plaintiff waived any right it might have had to foreclose on the common areas by taking the second mortgage subject to the interest of the homeowners in the common areas.

The pleadings in this case are closed and there exist no disputed issues of material fact. Therefore, under Pa. R.C.P. 1035, this matter is ripe for summary judgment. Summary judgment shall be granted if pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Williams v. Pilgrim Life Ins. Co., 306 Pa. Super. 170, 452 A.2d 269 (1982).

As commonly understood, a lien is a charge upon property by which a lien creditor has the right to execute on that property in order to satisfy a debt or other obligation. However, the right to execute against a debtor's property, like the right of lien itself, is subject to divestment, and once a creditor's lien on property is divested, so too is his right to execute on that property. It is well settled in Pennsylvania that a sheriff's sale of property divests all junior liens on that property. Unity Savings Association v. American Urban Sciences, 337 Pa. Super. 470, 487 A.2d 356 (1984).

It is not necessary to join the subordinate lienholders in the foreclosure action nor give them

actual notice. U.S. v. Cless, 254 F.2d 590 (1958). A junior or secondary mortgage holder's right to be notified of the sheriff's sale is satisfied by notice of publication pursuant to Pa. R.C.P. 3129. Since the holder of a second mortgage is not a party in interest, publication in the local newspaper satisfies the requirement of "notice directed to all parties of interest to a sheriff's sale." Beneficial Mutual Savings Bank v. Murray, 30 D.&C.3d 115 (1984).

It is not disputed that the Homeowner's Association was not named as a party to the foreclosure action as required by Pa. R.C.P. 1144. However, we find that plaintiff Reliance Corporation has no standing to base its claim on the lack of notice to the Homeowners' Association. As evidenced in the notice requirement of Pa. R.C.P. 3129, plaintiff has no greater interest or right to notice than the public at large. It is well settled that a party asserting standing must have an interest in the controversy which is greater than the abstract interest of the general citizenry in obtaining compliance with the law. There must also be a direct causal connection between the act complained of and the harm alleged. Bahian by Bahian v. Com. Dept. of Public Welfare, 89 Pa. Commw. 644, 493 A.2d 803 (1985). We further find that plaintiff lacks standing to bring this foreclosure action because as of the day of the sheriff's sale, all of its rights regarding the property were extinguished. Under Pennsylvania law, the purchaser of real property at a sheriff's sale acquires, at the fall of the gavel, a vested interest in the property. In re Rouse, 48 B. R. 236 (1985). Therefore, as soon as the gavel fell at the sheriff's sale, plaintiff's rights were at that moment divested. Any subsequent omission from the sheriff's deed of the common areas does not revive plaintiff's right to bring a foreclosure action of the property.

These grounds alone provide sufficient basis for granting summary judgment in favor of defendants. However, we also find additional and alternative grounds upon which we base our decision.

We find plaintiff's second mortgage interest in the individual lots was extinguished by the sheriff's sale, which divested all parties of interest in the property. "The effect of a mortgage foreclosure and sale is to extinguish the mortgagor's interest in the property and to transfer the estate to the purchaser as fully as it existed in the mortgagor at the date of the mortgage. All intervening estates and interests acquired subsequent to the mortgage are also defeated." Florida First Bon Capital v. Zoning Hearing Board, 40 Pa. Commw. 448, 397 A.2d 838 (1979). We have found no authority to support plaintiff's position that an isolated interest in the common areas survived the sheriff's sale. Plaintiff's interest in the common areas was appurtinent to its interest in the individual lots. This is apparent in light of the fact that on several occasions prior to the 1984 sheriff's sale, plaintiff released the lien of its second mortgage as to the *entire* fee interest of the prospective lot owner. By executing each of these releases, plaintiff therefore released the lien of its second mortgage as to an undivided proportionate interest in the common areas. Plaintiff has thus repeatedly subordinated any right it had upon the common areas. Based on the foregoing, we

### ORDER

And now, this March 4, 1987, upon consideration of plaintiff's motion for summary judgment and the cross-motion for summary judgment of defendant Rapp's Dam Bridge Homeowners' Association Inc., we hereby grant defendant's cross-motion for summary judgment.