John C. BATES, Jr., et al., Petitioners,

v.

**DISTRICT OF COLUMBIA BOARD OF ZONING ADJUSTMENT, Respondent,**

**Maureen Flanagan and William Merritts, Intervenors.**

No. 91–AA–1280.

District of Columbia Court of Appeals.

March 31, 1994.

---

John C. Bates, Jr., and Ellen E. Bates, petitioners pro se.

Phil Mendelson, pro se, filed a motion for leave to intervene and a motion for substitution of parties.

Whayne S. Quin, Louis P. Robbins, and Andrea P. Salley, Washington, DC, for intervenors.

Before TERRY and KING, Associate Judges, and BELSON, Senior Judge, in chambers.

TERRY, Associate Judge:

Following the grant of a variance to intervenors by the Board of Zoning Adjustment (BZA), petitioners John and Ellen Bates filed in this court a timely petition for review of that decision. A third party, Phil Mendelson, then moved for leave to intervene on the side of the petitioners. Shortly thereafter, and before the court could rule on Mendelson's motion for leave to intervene, petitioners sent a letter to the court seeking to withdraw from the case, and intervenors filed a paper suggesting that this letter be construed as a motion for voluntary dismissal and consenting to dismissal of the petition for review. Mr. Mendelson, in turn, moved to be substituted as a named petitioner. Intervenors challenge Mendelson's motion for leave to intervene on the ground that no case remains in existence in which he may intervene; in addition, they challenge the propriety of his request to be substituted for petitioners.

For the reasons set forth in part II of this opinion, we grant petitioners' motion for voluntary dismissal and Mendelson's motions to intervene (together with his related motion for an extension of time to file his brief). We deny as moot Mendelson's motion to be substituted as a petitioner in lieu of Mr. and Mrs. Bates, since he is now proceeding on his own behalf and not in substitution for the Bateses. Intervenors' motions to dismiss the petition for review and to dismiss Mendelson's motions as moot are also denied.

I

Petitioners John and Ellen Bates filed a timely petition for review of an order of the Board of Zoning Adjustment granting to intervenors, Maureen Flanagan and William Merritts, certain variances from the applicable zoning regulations. A short time later Phil Mendelson moved for leave to intervene on the side of petitioners in his capacity as chairman of Advisory Neighborhood Commission (ANC) 3–C. This motion was denied without prejudice to Mendelson's right to file a new motion for leave to intervene in his individual capacity.[1] Mendelson promptly filed such a motion.

---

1. See *Kopff v. District of Columbia Alcoholic Beverage Control Board,* 381 A.2d 1372, 1376 (D.C. 1977).

A few weeks later Mr. and Mrs. Bates sent a letter to this court stating that it was no longer "possible for [them] to pursue this petition" and asking that their "names be withdrawn as petitioners in the case." Simultaneously, Mr. Mendelson filed a motion to be substituted for the Bateses as a party, together with a motion for an extension of time within which to file his brief. Intervenors then filed a consent to the dismissal of the petition and an opposition to Mendelson's motion to be substituted as a party. Finally, intervenors moved to dismiss the petition for review and to dismiss as moot all three of Mendelson's pending motions. All of these motions are now before us and must be resolved before this case can proceed.

## II

■ We have no trouble concluding, as an initial matter, that the letter from Mr. and Mrs. Bates requesting that their "names be withdrawn as petitioners in the case" should be considered as a motion for voluntary dismissal of their petition for review under D.C.Ct.App.R. 42(b). It is settled law that we look to the relief requested rather than the caption attached to a motion (or, as here, the lack of a caption) in assessing the appropriate relief, if any, to be granted. *E.g., Wallace v. Warehouse Employees Union No. 730,* 482 A.2d 801, 804 (D.C.1984). Rule 42(b) provides, in pertinent part, that a petition for review "may be dismissed on motion of the [petitioner] upon such terms as may be agreed upon by the parties or fixed by the court." Petitioners' motion, consented to by the intervenors, satisfies the requirements of our rule and may appropriately be granted.

■ The more difficult question, in light of our disposition of petitioners' request, is whether the voluntary dismissal of a petition for review by the petitioners precludes a third party, not a party to (albeit a participant in) the proceedings below, from intervening or being substituted as a petitioner in order to carry forward the petition for review

originally filed by the now-dismissed petitioners. There is only one case from this court dealing with a similar issue, *Goto v. District of Columbia Board of Zoning Adjustment,* 423 A.2d 917 (D.C.1980), and it is factually distinguishable in some respects. Pertinent case law from other courts is scant; nevertheless, it does exist.

Intervention in proceedings before this court on petitions for review of administrative decisions is governed by the court's Rule 15(f). That rule provides *inter alia* that persons who were not parties to the proceeding before the administrative agency[2] may file a motion for leave to intervene within thirty days from the date on which the petition for review was filed. The motion must contain "a concise statement of the interest of the moving party in the [petition for review] and the grounds upon which intervention is sought."

Mendelson's motion was filed within thirty days after the petition for review, and intervenors do not challenge its timeliness. Nor do they dispute Mendelson's interest in the outcome of this case. They maintain, however, that given the pending request of Mr. and Mrs. Bates for dismissal of their petition for review, no case remains in which Mr. Mendelson can intervene. We disagree.

■ The weight of authority, such as it is, establishes that under appropriate circumstances "an intervenor can continue to litigate after dismissal of the party who originated the action." *United States Steel Corp. v. Environmental Protection Agency,* 614 F.2d 843, 845 (3d Cir.1979) (citing cases); *accord, Harris v. Amoco Production Co.,* 768 F.2d 669, 675–676 (5th Cir.1985) (citing cases), *cert. denied,* 475 U.S. 1011, 106 S.Ct. 1186, 89 L.Ed.2d 302 (1986). *See generally* 7C C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE & PROCEDURE § 1920 (1986). The primary requirement is that there be "an independent jurisdictional basis for the intervenor's claim...." *Goto v. District of*

2. As we have noted, Mendelson is the chairman of the affected ANC. Although he participated in the proceedings before the BZA, he did so in his capacity as a representative of the ANC, whereas he now seeks to intervene solely as an individual. Rule 15(f), however, does not make participation below a precondition to intervention on appeal. Consequently, his involvement in the hearing before the BZA is not dispositive of his present motion for leave to intervene, although it is certainly a factor which we may (and do) consider in ruling on the motion.

*Columbia Board of Zoning Adjustment, supra,* 423 A.2d at 922; *see Simmons v. ICC,* 230 U.S.App.D.C. 236, 242, 716 F.2d 40, 46 (1983) (dismissing intervenor's petition for review, but recognizing exception for an intervenor with "an independent jurisdictional basis"). When this occurs,[3] a reviewing court "may treat an intervenor's claim as a separate action and decide the matter, while dismissing the original action." *Goto, supra,* 423 A.2d at 922.[4]

The Third Circuit was confronted with a similar situation in *United States Steel Corp. v. Environmental Protection Agency, supra.* The petitioner in that case, U.S. Steel, had filed a petition for review of an administrative ruling of the EPA. A third party, Scott Paper Company, filed a timely motion to intervene, which was granted without objection from either of the original parties. One month later U.S. Steel moved to dismiss its own petition for review; Scott responded by moving for leave to proceed with the petition in U.S. Steel's absence. The court granted both motions, holding that, as a general rule, "an intervenor can continue to litigate after dismissal of the party who originated the action." 614 F.2d at 845 (citations omitted).

The court noted that since jurisdiction was properly established at the outset by U.S. Steel, Scott's intervention was not an attempt to cure a jurisdictional defect. Rather, Scott intervened to ensure that its interests would be adequately represented in the ongoing proceeding. In addition, the court found that the EPA was not prejudiced by permitting Scott to litigate the petition in lieu of U.S. Steel. The EPA never objected to Scott's intervention and was deemed on notice of Scott's claims as a result of Scott's submission of comments during the rulemaking proceeding at issue. The court concluded:

> Both judicial economy and prompt disposition of litigation are favored by not requiring the multiple petitions for review which would result from a holding that an intervenor could not continue the challenge to an administrative order in the situation presented by this record.

*Id.* at 846. Thus the court granted U.S. Steel's motion to dismiss its petition for review without prejudice to the right of Scott to proceed with its challenge to the regulations. *Compare Alabama Power Co. v. ICC,* 271 U.S.App.D.C. 394, 400, 852 F.2d 1361, 1367 (1988) (rejecting similar effort of intervenor to proceed after withdrawal of petitioner because intervenor failed to file timely request for leave to intervene and did not participate in the proceedings below).

The pertinent facts of this case are essentially identical to those in *United States Steel.*[5] There is no dispute that the original petition filed by Mr. and Mrs. Bates satisfied all jurisdictional requirements. Therefore, it

---

**3.** *Goto* also imposed a second requirement: a showing that "failure to adjudicate the [intervenor's] claim would result in unnecessary delay." 423 A.2d at 922 (citations omitted). We conclude that this requirement is not applicable to the factual situation before us. If we were to bar Mr. Mendelson from going forward with this case, the result would not be "unnecessary delay" but an abrupt termination of the case before any review of the BZA's decision could occur. We do not deny that the second *Goto* factor may be just as significant as the first in many cases, but we do not see it as indispensable to allowing someone like Mr. Mendelson, who actively participated in the proceedings below, to participate as well at the appellate level, especially when he has no other recourse.

**4.** Thus we held in *Goto* that an intervenor could proceed with an appeal from a decision of the Zoning Administrator despite asserted jurisdictional defects in the original petitioner's challenge to the same ruling. We reached this conclusion after determining (1) that the intervenor's

claim was jurisdictionally independent of that of the petitioner, (2) that the failure to permit the appeal to continue would result in undue delay in the resolution of the case, (3) that there was no prejudice to the other parties because the intervenor had participated below, and (4) that there was nothing to suggest that the intervention was prompted by a desire to preserve jurisdiction. 423 A.2d at 922–923.

**5.** The only major difference between this case and *United States Steel* is of no moment. Here, Mendelson has not yet been granted intervenor status, even though he filed his motion for leave to intervene within thirty days from the filing of the petition for review, as required by Rule 15(f). Had this court ruled on that motion before all the other motions came in, we would almost certainly have granted it as a matter of course. We therefore attach no significance to the fact that in *United States Steel* Scott had already been accepted as an intervenor before the original petitioner moved for dismissal, whereas in the instant case Mendelson had not.

cannot be said that Mendelson's request for leave to intervene was an improper effort to confer jurisdiction belatedly upon this court. No party disputes that Mendelson's request was timely and that he possesses the requisite level of interest in the proceeding to be permitted to intervene. Therefore, we may reasonably conclude that his challenge to the disputed BZA ruling rests on an independent jurisdictional foundation. Finally, both intervenors and the BZA have been on notice of his interest in this case since before it even arrived on our docket, for he actively participated in the proceedings before the BZA in his capacity as an ANC official. Indeed, intervenors cannot and do not claim any prejudice that might result from permitting Mendelson to intervene. Thus, in accord with *Goto*, we hold first that dismissal by the petitioners of their petition for review, without more, will not preclude intervention by Mendelson. Furthermore, since neither the timeliness of Mendelson's request nor his interest in the case is challenged by either the respondent or the intervenors, we hold that he is entitled to intervene.

Intervenors, relying on *Dankman v. District of Columbia Board of Elections & Ethics*, 443 A.2d 507, 525 (D.C.1981) (en banc) (opinion of Ferren, J.),[6] contend that even if we were to grant his motion to intervene, Mendelson's status "would be purely derivative of and dependent on the Bates' petition for review" because the time for filing a new petition for review has expired. We do not agree; Mr. Mendelson has demonstrated to our satisfaction that he has an independent ground for taking part in this litigation. Moreover, not only is *Dankman* factually distinguishable, but it presented a different legal question: whether intervenors could expand the litigation in this court beyond its original scope before the administrative agency. We held that they could not. "They are limited to the arguments presented to, and ruled upon by, the Board; they cannot raise a new question for the first time on appeal." *Id.* (citation omitted). There is no such issue presented here by any of the pending motions.[7]

Because we conclude that intervention is proper, Mr. Mendelson's motion to substitute himself for petitioners is moot. Technically, we treat his claim as "a separate action," *see Goto, supra,* 423 A.2d at 922, and thus he is entitled to proceed in this court in his own right, not as a substitute or replacement for Mr. and Mrs. Bates.

For the foregoing reasons, it is hereby

ORDERED that the motion of petitioners John and Ellen Bates for voluntary dismissal is granted. It is

FURTHER ORDERED that Mendelson's motion for leave to intervene is granted, Mendelson's motion for an extension of time to file his brief is granted, and Mendelson's motion for substitution of parties is denied as moot. Mr. Mendelson's brief shall be filed within forty days from the date of this opinion. It is

FURTHER ORDERED that intervenors' motion to dismiss the petition for review is denied, and intervenors' motion to dismiss as moot Mendelson's three pending motions is denied. It is

FURTHER ORDERED, by the court *sua sponte*, that the caption of this case is amended by deleting "John C. Bates, Jr., *et*

---

6. Three separate opinions were filed in *Dankman*. The cited portion (Part III) of Judge Ferren's opinion, however, was joined by four other judges and hence was the opinion of the en banc court on the intervention issue.

7. Other cases on which intervenors rely are also inapposite. They cite *Northampton Residents Ass'n v. Northampton Township Board of Supervisors*, 14 Pa.Commw. 515, 322 A.2d 787 (1974), for the proposition that an intervenor cannot evade the requirement of filing a petition for review, after the time for such a filing has run, by simply intervening. That case, however, involved an untimely motion for leave to intervene, unlike the case at bar. Intervenors also assert that once a petition for review has been dismissed, any outstanding motion for leave to intervene must be denied because there "exists no appeal in which to intervene," citing *Florida First Bon Capital Corp. v. Zoning Hearing Board*, 40 Pa.Commw. 448, 454, 397 A.2d 838, 842 (1979). In the *Florida First* case, however, the appeal of the original petitioner was dismissed for lack of standing, and the intervenor had no independent jurisdictional basis on which to proceed. That was comparable to what happened, for example, in *Simmons v. ICC, supra,* but not to this case.

*al.*, Petitioners" and substituting therefor "Phil Mendelson, Petitioner". The Clerk shall make the appropriate changes on the docket.