42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BAY AREA NUCLEAR WASTE COALITION, et al., Plaintiff-Appellee,
v.
Manuel LUJAN, Jr., Secretary of Interior, et al., Defendants.
State of California, U.S. Ecology Inc., Applicants-Appellants.
 No. 93-15312.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1994.
Decided Nov. 22, 1994.
 
 1
 Before: WALLACE, Chief Judge, CANBY, Circuit Judge, and KELLEHER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 This action was commenced by a coalition of plaintiffs who sought to compel the Secretary of the Interior to designate critical habitat for a threatened species known as the desert tortoise, prior to the Secretary's transferring certain lands. The question we must decide is whether the settlement of that lawsuit renders moot this appeal by two entities that were denied permission to intervene as defendants in that action. We conclude that the appeal is moot.
 
 BACKGROUND
 
 4
 In 1990, the Secretary of the Interior listed the desert tortoise as "threatened" under the Endangered Species Act (ESA). When such a designation is made, or at least within two years from the date it is proposed, the Secretary must designate "critical habitat" for the listed species. 16 U.S.C. Secs. 1533(a)(3) and (b)(6)(C). By early 1993, however, the Secretary still had not designated critical habitat for the desert tortoise, thereby allegedly failing to comply with the ESA.
 
 
 5
 The State of California had been negotiating since 1987 with the U.S. Bureau of Land Management to obtain federal land on which to locate a disposal facility for low-level radioactive waste (LLRW). In recognition of the dire shortage of LLRW disposal facilities nationwide, California had agreed to receive and dispose of LLRW from several western states. A Compact memorializing this agreement between California and those other states was passed by Congress on November 23, 1988. See 102 Stat. 4773-83.
 
 
 6
 California hired US Ecology, Inc. to develop and operate the facility. In 1987, California and US Ecology had identified a thousand acres of federal land located in Ward Valley, California, as a favorable prospective site for the LLRW disposal facility. California had been negotiating with the BLM, which acted under the authority of the Secretary, to purchase the land ever since. The land, however, had meanwhile become significant for another reason: it was considered prime habitat for the Mohave population of the desert tortoise.
 
 
 7
 On January 7, 1993, outgoing Interior Secretary Manuel Lujan issued a press release announcing his intent to convey immediately the Ward Valley acreage to California. Closing was scheduled to occur on the following day. Before it could be completed, however, the transfer was blocked. Plaintiffs seeking to protect the desert tortoise had filed a complaint in district court against Secretary Lujan, and had obtained a temporary restraining order, to be followed by a preliminary injunction, preventing the conveyance. The plaintiffs sought to compel the Secretary, before making any land transfer, to designate critical habitat for the desert tortoise, and to comply with other requirements of the ESA that would follow from the designation, such as consultation with the U.S. Fish and Wildlife Service.
 
 
 8
 Within a week of the issuance of the district court's temporary restraining order, California and US Ecology moved to intervene as defendants, hoping to defeat the injunction and proceed with the transfer. After granting California and US Ecology an expedited hearing, the district court denied their claims to intervention as a matter of right, as well as to permissive intervention. Instead, the court allowed them to file amicus briefs. California and US Ecology jointly appealed the denial of intervention.
 
 
 9
 After the appeal was filed, but before it was set for oral argument, the plaintiffs and the government reached a settlement in which the Secretary, now Bruce Babbitt, agreed to designate a critical habitat for the desert tortoise and the plaintiffs agreed to dismiss the action without prejudice. On February 8, 1994, the Secretary published a final rule determining critical habitat for the Mohave population of the desert tortoise. See 59 Fed.Reg. 5820-5866 (Feb. 8, 1994). The designation encompassed the Ward Valley site. Id. at 5841.
 
 
 10
 In light of this development, the plaintiffs have suggested that we dismiss the appeal because the issue is moot. California and US Ecology, however, have objected to this suggestion, urging us to reach the merits because the issue is one " 'capable of repetition, yet evading review.' " Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 600 (1982) (quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911)).
 
 ANALYSIS
 
 11
 Once an action is dismissed, the federal courts normally lose jurisdiction to rule upon the issues it raised, for failure of the constitutional requirement of a case or controversy. See Tosco Corp. v. Hodel, 804 F.2d 590, 591-92 (10th Cir.1986). In short, the case is moot. See, e.g., Energy Transp. Group, Inc. v. Maritime Admin., 956 F.2d 1206, 1210 (D.C.Cir.1992). As the plaintiffs correctly suggest, neither this court nor the district court any longer has jurisdiction over any action in which to allow California and US Ecology to intervene.
 
 
 12
 California and US Ecology do not offer any convincing argument against this basic proposition. They suggest that their intervention claim survives the settlement between the parties to the underlying action, but the cases they cite in support of their position are plainly distinguishable. In each of these cases, intervenor-plaintiffs have been allowed, under certain conditions, to continue to litigate after dismissal of the party that originated the action. See, e.g., Harris v. Amoco Production Co., 768 F.2d 669, 674 (5th Cir.1985); U.S. Steel v. Environmental Protection Agency, 614 F.2d 843, 845-46 (3d Cir.1979); Pasadena City Bd. of Education v. Spangler, 427 U.S. 424, 430-31 (1976). The plaintiff-intervenor, however, stands in a much different position from one who seeks to intervene to defend an action. Without a plaintiff remaining, the State and US Ecology have no action in which to pose a defense.
 
 
 13
 The principle argument of California and US Ecology, however, is that, even if settlement of the case would normally moot their appeal, an exception to the mootness rule applies here. Because the issue is "capable of repetition, yet evading review," they argue, this court should proceed to address the merits of their appeal. The requirements for review in such an action are two. First, the challenged action must have been too short in duration to be fully litigated prior to its cessation or expiration. Second, there must be a reasonable expectation that the same complaining party will be subjected to the same action again. Weinstein v. Bradford, 423 U.S. 147, 149 (1975).
 
 
 14
 We need not decide whether this case meets the first Weinstein requirement, because the second Weinstein requirement has not been met. There is no reasonable probability that the same issue will arise again. Because the Secretary has now designated critical habitat for the desert tortoise, it is extremely unlikely that a future action will raise the same issues as this one. We disagree with the appellants' suggestion that a pending compliance action under the National Environmental Protection Act presents the same questions as the EPA issues presented in this case. The right or ability to intervene in these types of cases depends upon the interests of the prospective intervenors in light of the specific statutes upon which the action is based. Compare Portland Audubon Society v. Hodel, 866 F.2d 302 (9th Cir.), cert. denied, 492 U.S. 911 (1989) with Sierra Club v. U.S. Environmental Protection Agency, 995 F.2d 1478 (9th Cir.1993). We cannot assume that the issues raised by a claim of intervention in a NEPA case would be the same as those raised in this EPA case. Nor can we assume that the denial of intervention in a NEPA case would evade review, if indeed there were a right to intervene. But see Portland Audubon Society v. Hodel, 866 F.2d 302, 308-09 (9th Cir.), cert. denied, 492 U.S. 911 (1989) (party asserting economic interest has no right to intervene as defendant in NEPA case).
 
 CONCLUSION
 
 15
 Because it is extremely unlikely that the issue posed by this appeal will arise again for these appellants, this case does not qualify as an exception to the usual mootness rule. The appeal therefore is dismissed as moot. Because mootness has prevented us from reviewing the district court's order denying intervention, we remand to the district court with instructions to vacate that order to avoid its having preclusive or precedential effect. See United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950).
 
 
 16
 The appeal is DISMISSED; the case is REMANDED to the district court with instructions to vacate its order.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3