IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Scenic Philadelphia and Tacony Academy Charter School a/k/a Frankford Valley Foundation for Literacy and Tacony Civic Association and Wissonoming Civic Association, | : <br> : No. 283 C.D. 2015 <br> : Submitted: March 4, 2016 <br> : <br> : <br> : |
| Appellants | : <br> : |
| v. | : <br> : |
| Zoning Board of Adjustment of the City of Philadelphia and City of Philadelphia and Richard L. Cantor | : <br> : <br> : |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  June 3, 2016


Scenic Philadelphia (Scenic), Tacony Academy Charter School a/k/a Frankford Valley Foundation for Literacy (School), Tacony Civic Association (Tacony), and Wissonoming Civic Association (Wissonoming) (together, Appellants) appeal from the February 6, 2015, order of the Court of Common Pleas of Philadelphia County (trial court) that denied Appellants' appeal from a decision of the Zoning Board of Adjustment (ZBA) of the City of Philadelphia (City) and upheld the ZBA's issuance of a permit to Clear Channel Outdoor, Inc. (CCO) for a billboard format change.  We affirm.

CCO is the owner of a rooftop billboard located at 6241 Tacony Street, along Interstate 95, in northeast Philadelphia. The billboard has been at this location for over 20 years and is a lawful use. On February 20, 2013, CCO applied for a zoning and use registration permit to convert the south face of the billboard from a static to a digital format while reducing its size, but without changing the format or size of the north face of the billboard.

On July 25, 2013, the Philadelphia Department of Licenses and Inspections (L&I) issued CCO a permit for a by-right format change. In making its determination, L&I relied upon a 2007 L&I memorandum written by former Deputy Commissioner Eileen Evans (Evans Memo), which concluded that digital conversions were permitted as of right under the existing version of the Philadelphia Zoning and Planning Code (Zoning Code).

On August 22, 2013, Scenic, Tacony, and Wissonoming appealed the issuance of the permit to the ZBA, challenging L&I's approval of the format change because the billboard "did not meet spacing requirements prohibiting outdoor advertising signs (1) within 500 feet of another non-accessory sign, (2) within 660 feet of an entrance to the Tacony-Palmyra Bridge, or (3) within 660 feet of any property zoned for 'Active Park and Open Space.'"[1] (ZBA's Findings of Fact, No. 4.)

The ZBA held a hearing on December 18, 2013, at which Charles Sweedler, Esquire, stated that he represented the "applicants, slash, appellant, slash,

---

[1] School did not appeal L&I's issuance of the permit to the ZBA.

2

protestants, Tacony . . . , Wissonoming . . . and School." (N.T., 12/18/13, at 4.) After the hearing, the ZBA found that School did not appeal the issuance of the permit and that the remaining Appellants failed to identify any individual member that would be directly affected by the format change. Thus, the ZBA determined that Appellants lacked standing to challenge the permit.

The ZBA then reviewed the Zoning Code and L&I's rationale for issuing the permit. The ZBA found that the billboard was authorized and the permit should be issued as of right. (ZBA's Findings of Fact, Nos. 9, 12.) The ZBA concluded that L&I properly relied upon department policy as it then existed, i.e., the Evans Memo, in issuing CCO the permit. (ZBA's Conclusions of Law, Nos. 7-8.) The ZBA further concluded that L&I's decision could not be reexamined based upon a subsequent policy change. (*Id.*, No. 9.) The ZBA determined that the permit was properly issued and that Appellants failed to establish standing to challenge the permit. (*Id.*, Nos. 10-11.)

Appellants appealed to the trial court. After argument, the trial court determined that: (1) School, although it may have been directly affected by the billboard, only offered factual testimony and did not express an objection to the permit; (2) Wissonoming and Tacony failed to demonstrate, with specific facts, that they were aggrieved by the billboard conversion; and (3) Scenic failed to show that any of its members live in an area that is directly affected by the billboard or prove the necessary requirements for standing under the private attorney general theory. (Trial Ct. Op. at 9-11.)

3

The trial court further determined that the subsequent policy change did not apply to the permit and that the ZBA did not err in approving the format change pursuant to the Evans Memo. On February 6, 2015, the trial court denied Appellants' appeal and upheld the ZBA's decision, finding that Appellants did not have standing and that L&I properly issued the permit. Appellants appealed to this court.[2]

Initially, Appellants contend that the trial court erred in finding that Appellants did not have standing. A zoning decision in Philadelphia may be appealed by the governing body and "any aggrieved person." *Spahn v. Zoning Board of Adjustment, the City of Philadelphia*, 977 A.2d 1132, 1149 (Pa. 2009). Here, Appellants are not a governing body; thus, we must determine whether Appellants are "aggrieved." The Pennsylvania Supreme Court has determined that a person is aggrieved pursuant to section 17.1 of the First Class City Home Rule Act (Home Rule Act), 53 P.S. §13131.1,[3] when that person "'has a substantial, direct and immediate interest in the claim sought to be litigated.'" *Spahn*, 977 A.2d at 1149 (citation omitted).

> In order to be substantial, there must be some discernible effect on some interest other than the abstract interest all citizens have in the outcome of the proceedings. In order to be direct, the party must show some causation of harm to

---

[2] Where, as here, the trial court takes no additional evidence, our review is limited to determining whether the ZBA abused its discretion or committed an error of law. *Valley View Civic Association v. Zoning Board of Adjustment*, 462 A.2d 637, 639 (Pa. 1983). An abuse of discretion will be found only if the ZBA's findings are not supported by substantial evidence, which is such relevant evidence that a reasonable person would "accept as adequate to support a conclusion." *Id.* at 640.

[3] Act of April 21, 1949, P.L. 65, §17.1 added by section 2 of the Act of November 30, 2004, P.L. 1523, No. 193.

4

his interest. In order to be immediate, there must be a causal connection between the action complained of and the injury to the person challenging it.

*Id.* at 1151 (citations omitted).

Appellants maintain that they have standing based on School's proximity to the billboard. Here, the trial court determined that School did not appeal from the issuance of the permit, nor did it submit an objection while appearing before the ZBA.[4] A party does not have standing "because [it was] present and participated in the hearing[]," it must show that it is aggrieved. *Id.* at 1140, 1142. Further, a party that only makes legal arguments against a permit and fails to establish that it was "aggrieved" lacks standing. *Armstead v. Zoning Board of Adjustment of the City of Philadelphia*, 115 A.3d 390, 396-97 (Pa. Cmwlth. 2015) (*en banc*).

Sam Stanton, Director of Communication and Community Relations for School, testified as a fact witness. Stanton stated that School was not yet built, would be three stories high, and would have windows that face the south face of the billboard. Stanton testified that School purchased its property in October and the groundbreaking occurred four days before the ZBA hearing. Stanton did not state

---

[4] Scenic asserts that pursuant to *Aquaro v. Zoning Board of Adjustment of the City of Philadelphia*, 673 A.2d 1055 (Pa. Cmwlth. 1996), School has standing to appeal because School was present at the hearing, had an attorney, and presented testimony. However, *Aquaro* is distinguishable. In *Aquaro*, Aquaro was determined to be "aggrieved" because his property abutted the property at issue. *Id.* at 1059. Further, this court added that "Aquaro was clearly a party in the proceeding before the ZBA for he was represented by counsel, who cross-examined the witnesses, and he testified as an objector." *Id.* Here, the ZBA determined that School did not appeal from the grant of the permit, did not object to the permit, and did not testify as an objector before the ZBA; School's witness merely testified as a fact witness.

any objection to the permit on the record. Stanton merely testified regarding the placement of School's building on its property. (*See* N.T., 12/18/13, at 52-67.)

Further, the permit was issued and the appeal of the permit was filed prior to School acquiring its property. Because School did not challenge the permit or state any objection at the hearing, the ZBA and the trial court did not err in determining that School did not have standing.

Tacony and Wissonoming maintain that they have standing based on the geographic boundaries of their associations.[5] However, the trial court determined that Tacony and Wissonoming did not have standing because they failed to demonstrate that individual members of the associations would be aggrieved by the format change.[6] Tacony and Wissonoming merely stated that their boards opposed the conversion but did not set forth specific facts demonstrating that any of their individual members would be directly affected by the format change. (*See* N.T., 12/18/13, at 70-77.) Tacony and Wissonoming failed to express an interest that was

---

[5] Marky Pluta testified on behalf of Wissonoming. Pluta stated that the billboard is within Wissonoming's geographic boundary. Pluta attended the three-member board meeting, which was not a public meeting, where the board agreed to oppose the format change. (N.T., 12/18/13, at 70-74.)

Sam Schepis testified on behalf of Tacony. Schepis testified that the billboard is across the street from Tacony's geographic boundary but would be visible from its boundary. Tacony held an open board meeting, which 12 people attended. Tacony decided to oppose the billboard. (N.T., 12/18/13, at 74-85.)

[6] The associations rely heavily on the impact the billboard will have on School. However, when the associations appealed the permit, School had not even purchased the property on which its building is to be built.

"'different from the abstract interest' of all other citizens." *Armstead*, 115 A.3d at 398 (citation omitted). Because Tacony and Wissonoming did not aver specific facts showing that they were aggrieved by the format change, the ZBA and the trial court did not err in determining that Tacony and Wissonoming did not have standing.

Finally, Scenic contends that it has standing because its members live in the area, it has a long history of opposing illegal billboard signs, some of the other Appellants are members of Scenic, and it qualifies under the private attorney general theory.[7, 8] Scenic argues that pursuant to *Pittsburgh Trust for Cultural Resources v. Zoning Board of Adjustment of the City of Pittsburgh*, 604 A.2d 298 (Pa. Cmwlth. 1992), and *Society Hill Civic Association v. Philadelphia Board of License & Inspection Review*, 905 A.2d 579 (Pa. Cmwlth. 2006), it has standing as a community organization whose mission promotes quality in commercial development in the area.

---

[7] We note that Mary Tracey, executive director of Scenic, testified on its behalf. Tracey was called to authenticate a photograph that she took of the billboard from School's property. Tracey testified as to the proposed location of School and that the billboard would distract School's prospective students. Tracey admitted that the photograph she submitted into evidence was taken using her camera's zoom feature, thus not revealing that School was across eight lanes of I-95, four sets of railroad tracks, and two lanes of Tacony Street. (N.T., 12/18/13, at 40-51.)

[8] In asserting standing under a private attorney general theory, Scenic references *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Board of Adjustment of the City of Philadelphia*, 729 A.2d 117 (Pa. Cmwlth. 1999); however, this case was superseded by statute when the Home Rule Act was amended in 2004, narrowing the test for standing in a zoning appeal. *See Spahn*. Scenic also references *Sprague v. Casey*, 550 A.2d 184 (Pa. 1988), and *Rizzo v. City of Philadelphia*, 582 A.2d 1128 (Pa. Cmwlth. 1990); however, neither of these decisions was a zoning decision, which our General Assembly has clearly precluded taxpayers from appealing unless they are aggrieved. *See Armstead*, 115 A.3d at 400.

In *Armstead*, this court considered both *Pittsburgh Trust* and *Society Hill* and determined that Scenic did not have "standing simply by virtue of its organizational purpose. As laudable as Scenic['s] . . . mission may be, this interest is no different than 'the abstract interest that all citizens have' in ensuring obedience to zoning laws." *Armstead*, 115 A.3d at 398-400; *see also Poulin v. Philadelphia Zoning Board of Adjustment* (Pa. Cmwlth., No. 358 C.D. 2014, filed May 14, 2015) (*en banc*) (determining that Scenic did not establish standing through its organizational purpose or its members).[9] *Armstead*, however, further determined that Scenic could establish standing based on its members' own standing. 115 A.3d at 400. Thus, Scenic argues here that it has standing because Wissonoming and Tacony are members of Scenic. Unfortunately, this argument also fails because both Wissonoming and Tacony failed to establish standing in their own right. *See id.*

Further, Scenic argues here, as it did in *Armstead*, that it has standing under a private attorney general theory. 115 A.3d at 400-01. However, in *Armstead* we determined that our General Assembly precluded the possibility of taxpayer appeals from zoning decisions in Philadelphia. *Id.* at 400. "Because [s]ection 17.1 of the Home Rule Act deliberately forecloses taxpayer appeals from ZBA decisions, Objectors are unable to establish standing under a private attorney general theory." *Id.* at 401. Thus, as in *Armstead*, Scenic has failed to establish standing under any of its arguments.

---

[9] An unreported decision of this court may be cited for its persuasive value, but not as binding precedent. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

The ZBA correctly determined that Scenic, Wissonoming, and Tacony could not establish standing merely because of their organizational purpose. *See Pittsburgh Trust*, 604 A.2d at 304 (holding that an association may have standing as a "representative of its members who are suffering immediate or imminent injury because of the disputed action"). Further, none alleged a significant investment in the area near the billboard, nor did they present any evidence demonstrating that their offices or members' homes are located near the billboard. The ZBA correctly determined that School failed to state any objection to the billboard's format change. Thus, the trial court did not err in affirming the ZBA's determination that Appellants lacked standing.

Finally, even if Appellants had standing, we disagree that CCO required a variance for the billboard format change.[10]

There is no dispute that CCO's billboard is a lawful use and that CCO received a zoning and use permit for the sign in 1990. (ZBA's Findings of Fact, Nos. 9, 16; 1990 Permit at 1.) The Evans Memo states that a face or format change is not a change in use and "does not expand upon or differ from what the ZBA has already authorized." (Evans Memo at 2.) Pursuant to the Evans Memo, it was not necessary for CCO to seek a dimensional variance. *See Callowhill Neighborhood Association v. City of Philadelphia Zoning Board of Adjustment*, 118 A.3d 1214, 1226 (Pa. Cmwlth. 2015) (*en banc*) (stating that L&I properly relied on the Evans Memo in its decision to issue the permit).

---

[10] Appellants also contend that CCO failed to prove a hardship warranting a variance.

Because L&I properly relied upon the Evans Memo in issuing the permit for the billboard's format change to digital, CCO was not required to seek a variance. The ZBA did not err in issuing CCO the permit.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scenic Philadelphia and Tacony        :
Academy Charter School a/k/a        : No. 283 C.D. 2015
Frankford Valley Foundation for        :
Literacy and Tacony Civic Association    :
and Wissonoming Civic Association,     :
                                     :
                   Appellants    :
                                     :
               v.                 :
                                     :
Zoning Board of Adjustment of the     :
City of Philadelphia and City of       :
Philadelphia and Richard L. Cantor    :

O R D E R

AND NOW, this 3ʳᵈ day of June, 2016, we hereby affirm the February 6, 2015, order of the Court of Common Pleas of Philadelphia County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge